**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAUL DELAROSA,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO. 22-cv-4195** |
| | : | |
| **THOMAS G. MCGINLEY, et al.,** | : | |
| **Respondents.** | : | |

**O R D E R**

**AND NOW**, this 3rd day of December, 2025, upon consideration of Petitioner's Motion for Discovery (ECF No. 22), Respondents' Response thereto (ECF No. 24), and Petitioner's Reply (ECF No. 28), it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**[1] as follows:

---

[1]**Error! Main Document Only.** In his motion, Petitioner seeks to discover three categories of materials allegedly in Respondents' possession: (1) Internal Affairs files for any current or former police officer who played any role in investigating Petitioner's case, including but not limited to Detectives John Verrecchio, Ohmarr Jenkins, Thomas Gaul, and Philip Nordo; (2) the complete homicide file; and (3) the phone records from the "early morning" of June 13, 2010, cited in the affidavit of probable cause supporting Petitioner's arrest warrant. (Mot., ECF No. 22, at 1-2; Reply, ECF No. 28, at 15). Petitioner also requests a formal hearing to argue his motion. (Mot., ECF No. 22, at 4). Respondents agree that Petitioner is entitled to disclosures relating to Internal Affairs investigations of certain current or former officers involved in his case and represent that they have already produced discovery related to this first request. (Resp., ECF No. 24, at 3-4). Respondents object to Petitioner's request for production of the homicide file and the referenced phone records, arguing that his requests are overly burdensome and that he has not shown "good cause" for the production of either. (*Id.* at 4-8). In reply, Petitioner does not take issue with Respondents' assertion that they have substantially complied with his category 1 request regarding the Internal Affairs Files, to the extent they are able to. (Reply, ECF No. 28, at 6-7).

Accordingly, I find that Petitioner's request for Internal Affairs materials is moot and deny it as such. However, Petitioner has shown good cause for the production of the homicide file and phone records. (*Id.* at 7-18). He argues that the officers who participated in the investigation of his case engaged in misconduct (both in his case and in others) and that the redacted homicide file and the phone records are likely to lead to evidence supporting his claims under *Brady v. Maryland*, 373 U.S. 83 (1963). (Mot., ECF No. 22, at 1-5). Therefore, I grant

1. Respondents shall provide Petitioner with a redacted version of the homicide file and the phone records as outlined in Footnote 1 within sixty (60) days of the docketing of this Order, to the extent that the documents are in Respondents' possession, custody or control;

2. Within sixty (60) days of service of this discovery, Petitioner shall file a supplemental brief setting forth any additional arguments based on his review of the materials provided;

3. Respondents shall file a response within thirty (30) days of service of Petitioner's supplemental briefing; and

4. Petitioner may file a reply within thirty (30) days of service of Respondents' response.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

---

the motion to the extent it seeks these documents

In light of the substantial relief awarded herein, I deny Petitioner's request to hold a formal hearing to argue this motion.