**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAUL DELAROSA,<br>Petitioner, | : | CIVIL ACTION |
| v. | : | |
| THOMAS G. MCGINLEY, et al.,<br>Respondents. | : | No. 22-cv-4195 |

## MOTION TO APPOINT COUNSEL

In this habeas action, petitioner Raul DeLaRosa asked the Court to order discovery of (as relevant here) the complete Homicide file from his underlying criminal case, as well as phone records from the early morning of June 13, 2010. ECF No. 22. The Court granted this motion, finding that DeLaRosa had shown "good cause" for these requests. ECF No. 29.

In order to facilitate the Court's order, the Commonwealth respectfully requests that the Court appoint counsel for DeLaRosa pursuant to 18 U.S.C. § 3006A(a)(2)(B).[1] The Court may appoint counsel for a habeas petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(2)(B); *see also* 28 U.S.C. § 2254(h). The Court must decide if the petitioner's claim is "nonfrivolous" and if appointment of counsel "will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). The Court may also consider the complexity of the issues and the petitioner's "ability to investigate facts and present claims." *Id.*

[1] DeLaRosa has also requested that the Court appoint him counsel. *See* ECF No. 28 at 9–10.

Here, appointment of counsel is needed in order to complete court-ordered discovery. The Philadelphia District Attorney's Office maintains an open-file discovery policy in post-conviction matters, but that policy contains strict safeguards to protect confidential information contained in those files. Defense counsel is required to come to the DAO, review the files under supervision, and engage in a redaction process in order to ensure that any materials that may not be disclosed under applicable law are not improperly disclosed. These procedures balance the defendant's due-process rights with the significant safety and confidentiality issues common in criminal cases. But DeLaRosa, a state prisoner without a law license, is unable to participate in this process, and identifying, redacting, and producing the court-ordered discovery to him would be a significant burden on the Commonwealth. *See Reese*, 946 F.2d at 264 (counsel may be warranted based on the petitioner's "ability to investigate facts").[2]

The other *Reese* factors are met, too. In finding good cause to conduct this discovery, the Court implicitly agreed that DeLaRosa's claim is "nonfrivolous." And appointment of counsel would benefit all parties and the Court by permitting the discovery process to take place in an orderly manner. Under these circumstances, the Commonwealth agrees that appointment of counsel is warranted.

[2] The Commonwealth is in the process of ordering the H-file from the Philadelphia Police Department. In a typical case, the H-file is approximately 1,000 pages of documents. *See* ECF No. 24 at 5. As for the phone records, prior-assigned counsel confirmed that these records exist and that they are "voluminous." *See id.* at 6.

For these reasons, the Commonwealth respectfully requests that the Court appoint DeLaRosa counsel and set a deadline for the parties to complete discovery.

Respectfully submitted,

/s/

PETER F. ANDREWS
Supervisor, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: peter.andrews@phila.gov
(215) 686-8000

## CERTIFICATE OF SERVICE

I, Peter F. Andrews, hereby certify that on December 16, 2025, I served a copy of this response by placing it, first-class postage prepaid, in the United States mail addressed to:

Smart Communications / PADOC
Raul DeLaRosa / NG-7501
SCI – Coal Township
PO Box 33028
St. Petersburg, FL 33733

/s/

PETER F. ANDREWS
Supervisor, Federal Litigation Unit
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: peter.andrews@phila.gov
(215) 686-8000